[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Karen L. Caine, age 48, whose maiden name was Karen L. Sprague, and the defendant, Fred W. Caine, age 50, were married at Winsted, Connecticut on November 23, 1968. There is one child of the marriage, a daughter, age 26. The marriage has broken down irretrievably through no particular fault on the part of either party.
The plaintiff is employed at Edwards earning $361.00 a week and at Executive Greetings earning $144.00 a week for a total of $505.00 per week, with a net of $341.00 per week. The defendant is employed at Howmet earning $680.00 per week with a net of $471.00 per week.
The plaintiff has bank accounts of $6,589.00, an investment account of $7,420.00, a 401K of $3,077.42 and a retirement account of $14,741.73. The defendant has an IRA of $4,833.00. The major asset is a jointly owned home located at 144 Mountain Road, Winsted valued at $115,000.00 with a mortgage of $85,500.00 with an equity of $29,000.00 to $30,000.00. Much of the mortgage was for college expenses for the parties' daughter. The plaintiff has a life insurance policy of $2,000.00 and the defendant a life insurance policy of $15,000.00.
During the marriage, the husband has worked full time with CT Page 13632 the exception of one year when laid off and the wife full time for over twenty years. The defendant has back problems and hypertension and the plaintiff may need a hysterectomy.
Based upon the evidence and the provisions of general statute Sec. 46b-81, the court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. The home located at 115 Mountain Road, Winsted shall continue to be listed for sale and the parties shall cooperate in effecting a sale based upon any reasonable offer. Until a sale, the defendant, who occupies the property shall pay the mortgage, taxes and insurance on the property. Upon the sale of the property, the net proceeds shall be divided 50% to the plaintiff and 50% to the defendant.
3. The defendant shall pay to the plaintiff alimony in the amount of $50.00 per week until January 1, 2003 and thereafter at the rate of $1.00 per year until October 1, 2019, modifiable only in the event the plaintiff becomes disabled from gainful employment, otherwise non modifiable. Until the property is sold, the defendant may satisfy his alimony obligation by the payment of $25.00 per week subject to the provisions that any deficiency shall be deducted from his share of the net proceeds from the sale of the home.
4. All pensions, I.R.A.'s and stock the defendant has shall become his sole property. All taxes or penalties that may arise from the defendant's handling of said accounts shall be the sole responsibility of the defendant. All pensions, I.R.A.'s and stock the plaintiff has shall become her sole property. All taxes or penalties that may arise from the plaintiff's handling of said accounts shall be the sole responsibility of the plaintiff.
5. The parties acknowledge that they have divided all joint bank accounts to their mutual satisfaction. Each party will retain ownership of the bank account funds listed on their respective financial affidavits filed in court on the date of dissolution.
6. The defendant shall maintain the plaintiff on his medical insurance for a period of three years pursuant to COBRA. CT Page 13633
7. Each party shall assume those debts on their financial affidavit.
8. All personal property currently in the home located at 144 Mountain Road, Winsted, Connecticut has been divided to each party's satisfaction.
Decree of dissolution may enter accordingly.
HON. WALTER M. PICKETT, JR., J.State Judge Referee